IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KENT LEE MCELROY,
        Plaintiff,

     vs.                                                             No. 19-2456-JTM

ANDREW M. SAUL, Commissioner of
Social Security,
        Defendant.

MEMORANDUM AND ORDER

By prior Order, the court reversed the decision of the Social Security Commissioner and remanded the case for further administrative proceedings. (Dkt. 15). The court then approved an award of fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. The matter is now before the court on the plaintiff's motion for attorney fees under 42 U.S.C. § 406(b). Plaintiff seeks fees in the amount of $14,414.50.

The Commissioner has responded by stating that, consistent with general policy, he takes no position on such the request in this case and defers to the discretion of the court. The defendant does note that plaintiff's counsel must refund the lesser of any award under § 406(b) and the attorney fees awarded under the EAJA. Here, the plaintiff's original motion acknowledges (Dkt. 20, ¶ 9) the obligation to refund the smaller, $5,500 EAJA award.

The proposed § 406(b) fee is premised on the contingency fee contract agreed to by plaintiff. Where a plaintiff has agreed to a contingency fee arrangement, the court must review the agreement as an independent check to assure that it yields a reasonable result in the particular case. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807-08 (2002). The court may reduce a fee request when the representation and its results were substandard; (2) when the attorney is responsible for delay causing disability benefits to accrue while the case was pending, and if the fees are excessive compared to the amount of time counsel spent on the case. *See Gordon v. Astrue*, 361 F.App'x 933, 935 (10th Cir. 2010) (citing *Gisbrecht*, 55 U.S. at 808)).

Here, the plaintiff's requested fee was calculated by multiplying counsel's standard, non-contingent fee by a factor of 2.8 to reflect the need to encourage the acceptance of Social Security cases, a procedure approved in *Whitehead v. Barnhart*, No. 01-0095-CV-SW2SSAECF, 2006 WL 910004, at *2 (W.D. Mo. Apr. 7, 2006). However, this court has previously rejected that approach, observing that there appeared to be "no reasoned justification … for the 2.8 multiplier accepted in *Whitehead*." *See Otte v. Saul*, No. CV 18-2006-JWL, 2020 WL 6318689, at *3 (D. Kan. Oct. 28, 2020).

*Otte* summarized prior decisions by in this court as to effective hourly rates in Social Security contingency fee awards, including:

> *Russell v. Astrue*, 509 F. App'x 695, 696–97 (10th Cir. 2013) (affirming an award of fees which represented an effective hourly rate of $422.92, midway between counsel's normal hourly rate of $275 and the effective hourly rate of the fee requested— $611*); Kotchavar v. Comm'r of Soc. Sec. Admin.*, Civil Action No. 14-1333-KHV, 2018 WL 6077988, at *3 (D. Kan.

> Nov. 21, 2018) (awarding fee resulting in effective hourly rate of $400); *Tacey v. Berryhill*, Civil Action No. 15-9094-KHV, 2018 WL 3757620, at *3 (D. Kan. Aug. 8, 2018) (reducing award to effective hourly rate of $388.50); *Williams v. Berryhill*, Case No. 15-1255-SAC, 2018 WL 3609753, at *1 (D. Kan. July 27, 2018) (affirming fee request resulting in an effective rate of $286.99 and citing cases approving fee awards resulting in effective hourly rates ranging from $258.63 to $432.02); *Boyer v. Berryhill*, No. 15-1054-SAC, 2018 WL 2971499, at *1 (D. Kan. June 12, 2018) (affirming fee request resulting in an effective rate of $400.07 and citing cases approving fee awards resulting in effective hourly rates ranging from $258.63 to $432.02); *Schoonover v. Colvin*, Case No. 12-1469-JAR, 2016 WL 7242512, at *2 (D. Kan. Dec. 15, 2016) (finding the requested effective hourly rate of $511.32 unjustifiably high and reducing award to result in hourly rate of $400); *Duff v. Colvin*, Case No. 13-CV-02466-DDC, 2016 WL 3917221, at *2 (D. Kan. July 20, 2016) (approving fees that represented an hourly rate of $358.50); *Roland v. Colvin*, No. 12-2257-SAC, 2014 WL 7363016, at *1 (D. Kan. Dec. 23, 2014) (approving fees at an effective hourly rate of $346.28); *Bryant v. Colvin*, No. 12-4059-SAC, 2014 WL 7359023, at *1 (D. Kan. Dec. 23, 2014) (approving fees at an effective hourly rate of $418.28); *Smith v. Astrue*, No. 04-2196-CM, 2008 WL 833490, at *3 (D. Kan. Mar. 26, 2008) (finding an effective hourly rate of $389.61 within the range of hourly rates in similar cases in this district).

*Id.* at *2.

In addition to these cases, the court has discussed the issue in *Potter v. Saul*, No. 17-4050-JWL, 2020 WL 584447, at *1 (D. Kan. Feb. 6, 2020) (awarding an effective hourly rate of $450.00); *Beyer v. Saul*, No. 17-2689-SAC, 2020 WL 4922194, at *1 (D. Kan. Aug. 21, 2020) (effective hourly rate of $343.39); and *Patrick v. Saul*, No. 16-2304-JWL, 2020 WL 2557851, at *3 (D. Kan. May 20, 2020) (effective hourly rate of $404.15 "only slightly more than $100 per hour above counsel's usual non-contingent rate"). In *Mills v. Saul*, No. 15-1302-JWL, 2020 WL 2557850, at *4 (D. Kan. May 20, 2020), the court substantially

reduced the plaintiff's original fee request to one calculated using a rate of $450 per hour, "the highest rate previously found reasonable in this court."

Given the 29.6 hours expended by counsel, the $14,414.50 fee requested here would reflect an effectively hourly rate of $487 per hour. Although far less unreasonable than the fee originally requested in *Mills*, the requested fee still remains well over what has been approved in any decision by this court, and counsel has offered no rationale for the requested fee beyond the rote application of the 2.8 multiplier which was used in *Whitehead*, but which this court has disapproved.

The court awards fees to in the amount of $13,320, reflecting 29.6 hours work at an effectively hourly rate of $450. Such an award is consistent with the high end of the range of hourly fees that have been approved as reasonable by this court, and consistent with the skillful representation provided and the result obtained. Balancing the Court's duty to protect the claimant with awarding a fee that is substantial enough to encourage attorneys to accept Social Security cases, the court concludes that the $13,320 award is reasonable.

IT IS ACCORDINGLY ORDERED this day of November, 2020, that the plaintiff's Motion for Fees is granted in part and denied in part, such that the counsel is awarded fees in the amount of $13,320; counsel shall immediately refund Mr. McElroy the $5,500 EAJA award.

*J. Thomas Marten*
J. Thomas Marten, Judge